UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WESLEY HILL**                                        **CIVIL ACTION**

**VERSUS**                                             **NO. 08-4768**

**WARDEN AL STRAIN, ET AL.**                           **SECTION: "C"(5)**

## REPORT AND RECOMMENDATION

Plaintiff, Wesley Hill, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. §1983. He has named as defendants St. Tammany Parish Jail Warden Al Strain and the "Staff of [the] St. Tammany Parish Jail".

In this action,[1] plaintiff alleges that on August 31, 2008, during a prison shakedown, prison officials confiscated his prescribed medication. Plaintiff had been prescribed Neurontin to combat pain in his feet and legs. Plaintiff could take up to nine Neurontin pills per day, as needed for pain.

Approximately a week after his medication was confiscated, plaintiff began experiencing pain. Accordingly, plaintiff sought medical attention. In response, however, unidentified medical

---

[1]The allegations set forth herein comprise the claims set forth in plaintiff's complaint (rec. doc. 1) and his statement of facts (rec. doc. 14), along with the statements provided by plaintiff in connection with an April 15, 2009 preliminary conference (rec. doc. 15).

personnel refused to replenish plaintiff's medication, informing that only plaintiff's "excess" medication, as opposed to medication he was actually taking, had been confiscated. This opinion, that plaintiff was not actually taking all the medication that he was being prescribed, was corroborated by the jail's Medical Director, Dr. R. Demaree Inglese. Dr. Inglese, in a "Physician Note", opined that plaintiff was hoarding drugs for the purpose of selling them to fellow inmates and, for this reason, Dr. Inglese would "no longer prescribe non-life essential medications for Mr. Hill."[2] Plaintiff, in response to the hoarding charge, did not deny that he was not taking all of his medication because some of it "was making him ill", but stated that he "was using the Neurontin".[3]

As a result of the medical department's belief that he was selling medication to other inmates, rather than taking it to alleviate his pain, plaintiff, following the above-described shakedown, was forced to go without his pain medication for approximately two to three months. As a result, plaintiff is seeking monetary damages, as well as "an apology from the staff

---

[2]Dr. Inglese's notes to this effect comprise a portion of plaintiff's medical records which have been filed into the above-captioned action.

[3]See rec. doc. 15, p. 2.

both security and medical."[4]  Plaintiff would also "like for the security officers and authorizing medical staff to receive a reprimand".[5]  Plaintiff, however, is unable to provide the court with the names of the security officers and medical staff allegedly responsible for confiscating his pain medication.[6]

## Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>    (2) seeks monetary relief from a defendant who is immune from such relief.

---

[4]See rec. doc. 1, p. 5.

[5]Id.

[6]Plaintiff, at the April 15, 2009 preliminary hearing, stated that he believed it was medical personnel, rather than security officers, who were responsible for his Neurontin being confiscated. However, again, plaintiff was unable to identify any members of the medical staff who were responsible for this alleged violation of his civil rights.  See rec. doc. 15, p. 2.

3

28 U.S.C. §1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint

4

are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008).

## Warden Al Strain

Plaintiff does not indicate whether he is suing Warden Al Strain in his official capacity, his individual capacity, or both. Regardless, it is evident that no claim has been stated against Strain.

It is clear that plaintiff has not stated an official-capacity claim against Strain. "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir.2007), cert. denied, 129 S.Ct. 42 (2008). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir.1993). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir.2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir.2003). Plaintiff does not allege that the purported

deprivation claimed here resulted from a policy or custom, much less identify such a policy or custom.

It is likewise clear that plaintiff has not stated an individual-capacity claim against Strain. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.1983). Here, plaintiff makes no allegations whatsoever against Strain or any involvement by him in the events on which plaintiff's claim is based. Without such allegations, no individual-capacity claim has been stated against Strain. Although Strain is a supervisor at the jail, that fact alone is insufficient to render him liable for federal civil rights violations allegedly committed by his

subordinates under any theory of strict liability[7] or vicarious liability.[8]

## Unidentified Defendants

Plaintiff may not pursue claims against the unidentified medical personnel and/or sheriff deputies allegedly responsible for confiscating his Neurontin. A §1983 action must be filed against an actual identified person. Therefore, plaintiff's claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted. August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D.La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D.Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D.La. Mar. 28, 2007).

---

[7] Harris v. Greer, 750 F.2d 617, 618 (7th Cir.1984)("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir.1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D.La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D.La. Aug. 1, 2007).

[8] An official cannot be held liable pursuant to 42 U.S.C. §1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir.1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir.2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 21st day of October, 2009.

*Alma L. Chasez*
**ALMA L. CHASEZ**
**UNITED STATES MAGISTRATE JUDGE**